**FORM B104 (08/07)**        **2007 USBC, Central District of California**

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>**DAVID SEROR, Chapter 7 Trustee,** | **DEFENDANTS**<br>**EDDIE HENRY, and DOES 1 through 5, inclusive,** |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Ezra Brutzkus Gubner LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA  91367<br>(818) 827-9000 | **ATTORNEYS** (If Known)<br>Unknown |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
**COMPLAINT FOR TURNOVER OF PROPERTY OF THE ESTATE AND AN ACCOUNTING**

**NATURE OF SUIT** (Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>**1** 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property – other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>*(continued next column)* | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation(other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et. seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| √ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $<br>To be determined |

**Other Relief Sought**

**FORM B104 (08/07), page 2**        **2007 USBC, Central District of California**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR** <br> OWNER MANAGEMENT SERVICE, LLC; et al. | **BANKRUPTCY CASE NO.** <br> 1:12-bk-10231-MT | |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District of California | **DIVISIONAL OFFICE** <br> San Fernando Division | **NAME OF JUDGE** <br> Maureen Tighe |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br><br> /s/ Reed Bernet | | |
| **DATE** <br> 11/30/2015 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> **Ezra Brutzkus Gubner LLP** <br> **By: Reed Bernet** | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| | |
|---|---|
| Attorney of Party Name, Address. Telephone & FAX Numbers, and California State Bar Number<br>STEVEN T. GUBNER - Bar No. 156593<br>RICHARD BURSTEIN – Bar No. 56661<br>REED BERNET - Bar No. 288240<br>EZRA BRUTZKUS GUBNER LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA  91367<br>T: (818) 827-9000; F: (818) 827-9099<br>sgubner@ebg-law.com; rburstein@ebg-law.com<br>rbernet@ebg-law,com<br>*Attorney for Plaintiff*  David Seror, Chapter 7 Trustee | FOR COURT USE ONLY |
| **UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA** | |
| In re:<br><br>OWNER MANAGEMENT SERVICE, LLC, et al.<br><div align="right">Debtor.</div> | Chapter  7<br><br>Case Number  1:12-bk-10231-MT<br><br>Adv. Case No. 1:15-ap - |
| DAVID SEROR, not individually but solely in his capacity as Chapter 7 Trustee,<br><div align="right">Plaintiff(s),</div>vs.<br><br>EDDIE HENRY, and DOES 1 through 5, inclusive,<br><br><div align="right">Defendant(s).</div> | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT:   A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:


PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on a date specified, instead of holding a Status Conference.  Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval.  The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____          KATHLEEN J. CAMPBELL
                                              Clerk of Court

                                              By: _____
                                                 Deputy Clerk

STEVEN T. GUBNER - Bar No. 156593
RICHARD D. BURSTEIN - Bar No. 56661
REED BERNET - Bar No. 288240
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:  sgubner@ebg-law.com
        rburstein@ebg-law.com
        rbernet@ebg-law.com

Attorneys for David Seror, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>OWNER MANAGEMENT SERVICE, LLC; OMS, LLC dba in California as OMS GLOBAL, LLC, f/k/a RAMSFIRE GLOBAL, LLC; RAMSFIRE EQUITY PARTNERS, INC.; WESTSIDE SERVICING COMPANY; CD-04, INC.; CREATIVE GROUP RESOURCE, LLC; DOROTHY MATSUBA; THOMAS MATSUBA; and JAMIE MATSUBA,<br><br>Consolidated Debtors. | Case No. 1:12-bk-10231-MT<br><br>Chapter 7<br><br>Adv. Case No. 1:15-ap-         -MT<br><br>**COMPLAINT FOR TURNOVER OF ESTATE PROPERTY** |
| DAVID SEROR, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>EDDIE HENRY, and DOES 1 through 5, inclusive,<br><br>Defendant. | |

1

**TO DEFENDANTS EDDIE HENRY, AN INDIVIDUAL, AND DOES 1 THROUGH 5, INCLUSIVE**

Plaintiff, David Seror, the duly appointed and acting Chapter 7 Trustee ("Trustee") on behalf of the bankruptcy estate ("Estate") of consolidated debtors Owner Management Service, LLC; OMS, LLC dba in California as OMS Global, LLC f/k/a Ramsfire Global, LLC; Ramsfire Equity Partners, Inc.; Westside Service Company; CD-04, Inc.; Creative Group Resource, LLC; Dorothy Matsuba; Thomas Matsuba; and, Jamie Matsuba (together the "Consolidated Debtors"), complaining of defendants Eddie Henry ("Henry") and Does 1 through 5, inclusive, alleges as follows:

1. On or about January 9, 2012 (the "Petition Date"), the Consolidated Debtors commenced this case by filing a voluntary petition under Chapter 11. On March 14, 2012, the Court entered an order converting this case to one under Chapter 7. David Seror was appointed as the Chapter 7 Trustee of the Estate and continues in that capacity.

2. On May 14, 2015, the Court entered its Order and Judgment granting a motion for summary judgment re substantive consolidation consolidating all the debtors ("Substantive Consolidation Order and Judgment"). David Seror is the Chapter 7 Trustee of the Consolidated Debtors' case.

3. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a) and General Order No. 242-A of the District Court for the Central District of California, as this is a core proceeding under 28 U.S.C. § 157(b)(1), (2)(E). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to the Consolidated Debtors' case under Title 11, Chapter 7 of the United States Code that is still pending.

4. The Trustee has standing to bring this adversary proceeding on behalf of the Consolidated Debtors and the Estate pursuant to the Order Appointing the Trustee.

5. The property made the subject of this Complaint is located at 1660 Arlington Ave., Los Angeles, California, and is property of the Consolidated Debtors' estate ("Property"). The Property is presently occupied by Henry and Does 1 through 5, inclusive. Does 1 through 5 are believed to be relatives of Henry, family members, and are hereinafter referred to as "Family Defendants." Their names and identities are presently unknown to the Trustee, who will amend this

1436081

1  Complaint when they are ascertained.

2      6.    Henry is a party to a residential lease agreement with Consolidated Debtors dated June 1, 2014, which terminated by its own terms on March 31, 2015 ("Lease").  Henry was listed as tenant and Debtor OMS Global, LLC, as Landlord under the Lease.  The Lease provided for monthly rent payments of $1,400.

    7.    Henry (along with the Family Defendants) has occupied the Property without paying rent to the Estate continuously after the consolidation order, at which point the Trustee sought to administer the Property.  The Trustee has demanded of Henry and through him the Family Defendants that they vacate the Property or pay him rent.  Henry and the Family Defendants have failed and refused to vacate the Property or to pay rent to him.

    8.    The Property is property of the estate and Henry's and the Family Defendants' occupancy thereof interferes with the lawful administration of the estate and constitutes a possession and refusal to return property of the estate.  Failure to pay rent therefore also constitutes a possession and refusal to return property of the estate.

Wherefore, the Trustee prays for judgment directing Henry and the Family Defendants and each of them to turn over the Property to the Trustee, to vacate the Property, to pay to the Trustee the reasonable rental value of their occupancy thereof through judgment and thereafter until turnover, for costs of suit, and for such other and further relief as to the Court may seem just and proper.

DATED:  November 25, 2015        EZRA BRUTZKUS GUBNER LLP

        /s/ Reed Bernet
By:_____
    Richard D. Burstein
    Reed Bernet
Attorneys for David Seror, Chapter 7 Trustee

3

1436081